IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:23cr44-MHT
                            )            (WO)
DEION CORTEZ SANDERS        )
```

OPINION

Amendment 821 to the 2023 edition of the Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history with respect to offenders who earned status points based on the commission of an offense while serving a criminal-justice sentence, and to the calculation of offense level for offenders who had zero criminal history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the United States Attorney's Office, the United States Probation Office, the Federal Defenders, and the Clerk's Office,

to determine whether a defendant might be eligible for a reduction of sentence.  *See* 2:23-cm-4048-ECM.

Defendant Deion Cortez Sanders filed a motion for a sentence reduction (Doc. 45).  The court referred the motion to the Amendment 821 Screening Panel for recommendation.  The court has now received the Panel's recommendation.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered February 13, 2025, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant Sanders is not eligible to receive a reduction in sentence pursuant to Amendment 821 for two reasons.  First, he was not a zero-point offender at sentencing, so that part of Amendment 821 does not apply to him.  Under U.S. Sentencing Guidelines §1B1.10, which governs sentence reductions based on an amended guideline range, a sentence reduction "is not consistent with this policy

2

statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" an amendment to the Guidelines does not apply to the defendant. U.S. Sentencing Guidelines §1B1.10(a)(2)(A) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)") (2023 ed.).

Second, although Sanders received two status points at sentencing, application of the Amendment 821 does not change his sentencing range or sentence. At sentencing, he had a total criminal history score of 11, which included two status points added because he was serving part of a prior criminal justice sentence when he committed the offense in this case. His criminal history score of 11 resulted in a criminal history category of V.

A reduction of one status point under Part A of Amendment 821 results in an amended total criminal history score of 10. However, a criminal history score of 10 still results in a criminal history category of

3

V, so Amendment 821 does not change his guidelines sentencing range.  Pursuant to U.S. Sentencing Guideline §1B1.10(a)(2)(B), a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment does not have the effect of lowering the defendant's applicable guideline range.  Therefore, defendant Sanders's motion must be denied.

An appropriate order will be entered.

DONE, this the 13th day of February, 2025.

                                 /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**